THE STATE v. DERICHS.

1. **Criminal Law**: FORMER CONVICTION. A conviction of the proprietor of a billiard saloon for permitting W., a minor, to play billiards in his saloon at a certain specified time, is no bar to a prosecution for permitting M. to play the game at another time.

*Appeal from Linn District Court.*

THURSDAY, DECEMBER 16.

THIS cause was tried by the court upon the following agreed statement of facts:

"1st. That on the 29th day of December, 1874, an information was filed before J. R. Campell, a justice of the peace, charging the defendant with permitting a minor, to-wit: J. Winnans, to remain in his saloon and play at billiards between the 20th and 26th day of December, 1874, upon which charge

he was tried and convicted, and fined twenty-five dollars and costs, which amount was paid and defendant was discharged."

"2d. On the 31st day of December, 1874, an information was filed before the same justice, against defendant, charging him with permitting a minor, to-wit: B. Mentzer, to remain in his saloon and play at billiards between the 10th and 20th day of December, 1874, on which charge he was arrested, tried, convicted and fined twenty-five dollars and costs, from which judgment he appealed.

The plea of defendant in the court below was, as to the second charge, not guilty; 2d, a former conviction of the same offense."

"3d. The minor, B. Mentzer, referred to, was between the age of twenty and twenty-one years, and to all appearance was of age and over."

Upon this statement of facts, the court affirmed the judgment of the court below. The defendant appealed.

*Thompson & Davis*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

DAY, J.—I. Notwithstanding the earnestness and apparent confidence of counsel for the appellant, the holding of the court that the former conviction was no bar to the subsequent information appears to us so clearly and unmistakably right, that we are at a loss to know what argument to adduce in its support, further than the mere setting forth of the facts upon which the ruling was based.

**1. CRIMINAL law: former conviction.**

It might as well be claimed that a conviction for stealing A's horse on the 26th of December, would bar a prosecution for stealing B's on the 20th, as that a conviction for permitting J. Winnans to remain in a saloon and play billiards, between the 20th and 26th, would bar a prosecution for permitting B. Mentzer to do the same thing between the 10th and the 20th.

II. We need not determine that, under Chapter 59, Laws of 1874, a party who permits a minor to remain in his saloon and play billiards would be guilty of an offense, if he believed

him to have attained his majority. This question is not presented by the record. The cause was submitted upon an agreed statement. This statement shows that the minor was between twenty and twenty-one, and to all appearance was of age or over. For aught that appears the defendant was personally acquainted with him, and knew him to be a minor. If the defendant's ignorance of Mentzer's age can in any event avail him, it constitutes matter of defense which the defendant must establish.

AFFIRMED.